# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **R. ALEXANDER ACOSTA,** Secretary of Labor United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **ALL TEMPORARIES MIDWEST, INC.** a Minnesota corporation and **MARK LIVERINGHOUSE** individually <br><br> Defendants. | Civil Action No.: 17-cv-3330 <br><br> Equitable and legal relief sought |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA** Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, **ALL TEMPORARIES MIDWEST, INC.** a Minnesota corporation, and **MARK LIVERINGHOUSE** individually, (hereinafter collectively referred to as "Defendants"), from violating the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C.§ 201 et seq.) (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owning to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by section 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II

(A)     Defendant, **ALL TEMPORARIES MIDWEST, INC.**, is and, at all times hereinafter mentioned, was a Minnesota corporation with an office and place of business located in Hennepin County at 3634 Central Avenue NE, Minneapolis, Minnesota 55418, within the jurisdiction of this Court, and at all times hereinafter mentioned, was engaged in the business of providing temporary staffing to long-term care centers.

(B)     Defendant, **MARK LIVERINGHOUSE,** is and, at all times hereinafter mentioned, was the sole owner of Defendant, **ALL TEMPORARIES MIDWEST, INC.,** and was engaged in business within Minnesota at the address identified above in paragraph II(A), and acted directly or indirectly in the interest of **ALL TEMPORARIES MIDWEST, INC.,** in relation to its employees. **MARK LIVERINGHOUSE**, an employer within the meaning of section 3(d) of the Act, exercises operational control of the temporary staffing agency, supervises, hires, and fires employees, and determines pay practices for Defendant **ALL TEMPORARIES MIDWEST, INC.**

## III

Defendant, **ALL TEMPORARIES MIDWEST, INC.,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

## IV

Defendant, **ALL TEMPORARIES MIDWEST, INC.,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter

mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume sales made or business done of not less than $500,000.

V

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees, who in workweeks were employed in an enterprise engaged in commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 48 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.  Defendants' pay practices included, but are not limited, to failing to pay the overtime premium for hours worked over 48 hours in a workweek and instead paying the regular rate for overtime.  When employees worked over 48 hours in a workweek, the employer utilized an "adjusted pay calculator," that calculated a reduced regular rate of pay to show that overtime hours were paid at time and a half the regular rate of pay when, in fact, the regular rate was not used to calculate the proper overtime compensation.

VI

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11 and 15(a)(5) of the Act in that that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to

show adequately and accurately, among other things, the hours worked each workday and the regular rate of pay for which the employees were employed.

## VII

During the period from June 9, 2014 to June 8, 2016, Defendants repeatedly and willfully violated the aforesaid provisions of the Act as set forth above.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE,** cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

    A.    For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from prospectively violating the Act; and

    B.    For an Order:

1. pursuant to section 16(c) of the Act, finding Defendants liable for overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A; or, in the event liquidated damages are not awarded,

2. pursuant to section 17, enjoining and restraining the Defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of

unpaid overtime compensation to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        **NICHOLAS C. GEALE**
        Acting Solicitor of Labor

        **CHRISTINE Z. HERI**
        Regional Solicitor

        /s/ Margaret A. Sewell
        **MARGARET A. SEWELL**
        Senior Trial Attorney
        Attorney Bar No.: 6243855 (Illinois)

        Attorneys for Plaintiff,
        **R. ALEXANDER ACOSTA,**
        Secretary of Labor,
        United States Department of Labor

        Office of the Solicitor
        U.S. Department of Labor
        230 South Dearborn Street, Suite 844
        Chicago, IL  60604

        Telephone: (312) 353-3481
        Fax: (312) 353-5698
        E-mail: sewell.margaret@dol.gov
        Secondary email:  SOL-CHI@dol.gov