UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ALL TEMPORARIES MIDWEST, INC. a Minnesota corporation, MARK LIVERINGHOUSE, individually,<br><br>Defendants. | Civil Action No.:17-CV-03330<br><br>Judge Joan N. Ericksen |

## CONSENT JUDGMENT

Plaintiff, **R. ALEXANDER ACOSTA**, the Secretary of Labor, United States Department of Labor, ("**PLAINTIFF**") having filed his Complaint and Defendants **ALL TEMPORARIES MIDWEST, INC.**, a corporation, and **MARK LIVERINGHOUSE**, individually (hereinafter collectively referred to as "**DEFENDANTS**"), hereby appearing by counsel, waiving service of the Complaint, and having been duly advised in the premises, agree to the entry of this judgment;

Whereas, Defendants neither admit nor deny the allegations of the Complaint and agree to pay current and former employees of Defendants the amount of $401,384.70 in back pay and liquidated damages for hours worked during the period of June 9, 2014 to June 8, 2016; and

Whereas, the parties acknowledge that this Consent Judgment does not constitute an adjudication on the merits as to any claim or defense, asserted, or as to any issue of fact or law.

**NOW**, therefore, upon motion for the attorneys for **PLAINTIFF** and **DEFENDANTS**, and for cause shown:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act'), that **DEFENDANTS,** their officers, agents, servants, employees, and all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners, as of the date of this Order:

I

A. **DEFENDANTS** shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which the employee is employed. **DEFENDANTS** shall not reduce the regular rate of pay for employees as a result of an employee working more than 48 hours in a workweek. Defendants agree that they will pay a rate of not less than one and one-half the regular rate of pay for all hours worked in excess of 40 hours in a workweek, regardless of whether Defendants can charge a long term care facility for those amounts under Minnesota law.

B. **DEFENDANTS** shall not fail to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. This includes, but is not limited to, maintaining records of all hours worked by each employee in each workday and each workweek,

the hourly rate of each employee and compensation paid to each employee in each workweek. The records maintained shall also include, but not be limited to, the full name and last-known mailing address of all employees and the daily start and stop time of each employee.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to section 16(c) of the Act, in favor of the **PLAINTIFF** and against **DEFENDANTS** in the total amount of $401,384.70.

**A.** **DEFENDANTS** shall pay to **PLAINTIFF** upon execution of this judgment the sum of $248,651.97, less all lawful employee deductions and withholdings as described in Paragraph III(A) below, which represents the overtime compensation hereby found to be due to the individuals named in Exhibit A, attached hereto and made a part hereof, for the time periods from June 9, 2014 through June 8, 2016.

**B.** **DEFENDANTS,** shall further pay to **PLAINTIFF**, as liquidated damages, the additional sum of $152,732.73 plus interest hereby found due to the individuals named in Exhibit A for the time periods form June 9, 2014 through June 8, 2016.  The amount of liquidated damages shall be made in two installment payments, one of which will be due on June 27, 2018 in the amount of $74,998.05 plus interest and a second which will be due on June 27, 2019 in the amount of $77,734.68 plus interest, as set forth in Exhibit B, attached hereto and made part hereof.  Should Defendants fail to make any of the installments referenced herein on or before the due dates provided above, the entire outstanding amount of liquidated damages shall become immediately due and payable without further notice or demand by Plaintiff to Defendants.

**III**

The monetary provisions set forth in Paragraph II above shall be satisfied upon **DEFENDANTS'** delivery to the **PLAINTIFF** as follows:

**A.** With respect to the back wage amounts of $248,651.97, Defendants shall deliver to Plaintiff, at the time of execution of the Consent Judgment, separate checks, payable to each individual named in Exhibit A, in a net amount, after withholding applicable Social Security, Medicare, federal income and state income taxes and other withholdings required by law. The checks shall be made payable to the order of the individual or the "Wage and Hour Div., Labor," as alternative payees, (*e.g.,* the first check should read "PAY TO THE ORDER OF JANE DOE or the Wage and Hour Div., Labor"). Defendants shall provide to Plaintiff a schedule in duplicate, showing the full name, last-known address, social security number, gross amount due, net amount due, and total amount of withholding for each individual named in Exhibit A. Defendants shall issue a W-2 tax form to each individual for whom payment is made. Defendants shall remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities, as well as any other statutory or regulatory payment obligations not otherwise mentioned herein. In the event that any check is not accepted for payment within 6 months of issuance, Defendants shall reissue one single check to the "Wage and Hour Div, Labor" in the total net amount of proceeds due. The check shall be sent to the U.S. Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638. Defendants shall remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

**B.** With respect to the gross amount $152,732.73 of liquidated damages, paid in

accordance with the installment plan set forth in Paragraph II(B), Defendants shall remit the gross installment amounts, in the form of a certified check payable to the "Wage and Hour Div. Labor" at the address set forth in Paragraph III(A). Plaintiff shall distribute the proceeds of the payment described above to each person listed in Exhibit A. Any money not so paid within a period of three (3) years from the date of receipt thereof, shall pursuant to section 16(c) of the Act, be covered into the Treasury as miscellaneous receipts. Plaintiff shall issue a 1099 tax form to each individual to whom payment is made.

## IV

**DEFENDANTS** shall not request, solicit, suggest or coerce, directly or indirectly, any current or former employee to return or to offer to return to the **DEFENDANTS** or to someone else for the **DEFENDANTS** any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this judgment or the Act; nor shall **DEFENDANTS** accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall **DEFENDANTS** discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from the **DEFENDANTS** under the provisions of this judgment or this Act.

## V

**FURTHER,** it is agreed by the parties herein and hereby **ORDERED** that each party bear his, hers or its own fees and other expenses incurred by such party in connection with any

stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended

**FURTHER,** it is agreed by the parties that this Court shall retain jurisdiction of this matter to enforce the terms and conditions of the Consent Judgment.

All of which is **ORDERED** this 11th day of October, 2017.

s/ Joan N. Ericksen
**JUDGE JOAN N. ERICKSEN**
**U.S. District Court Judge**

Defendants
hereby consent to the entry
of this judgment on this 27th day of
July, 2017.

ALL TEMPORARIES MIDWEST, INC.

By: _____
     Its President

_____
MARK LEVERINGHOUSE, individually

Approved as to form: _____

_____
THOMAS R. REVNEW
Attorney for Defendants

Seaton, Peters & Revnew, P.A.
7300 Metro Boulevard, Suite 500
Minneapolis, Minnesota 55439

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department
of Labor

By:

NICHOLAS C. GEALE
Acting Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

_____
MARGARET A. SEWELL

Attorneys for R. ALEXANDER ACOSTA
Secretary of Labor, United States
Department of Labor
United States Department of Labor
Office of the Solicitor
230 S. Dearborn Street, Suite 844
Chicago, Illinois 60604
Telephone No.: 312-353-3481

7