UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor, United States Department of Labor, | Case No. 17-cv-3330 (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| All Temporaries Midwest, Inc., a Minnesota corporation, and Mark Liveringhouse, individually, | |
| Defendants. | |

Plaintiff moved for an Adjudication of Civil Contempt of the Consent Judgment dated October 11, 2017. ECF No. 12; Consent, J. ECF No. 7. In a Report and Recommendation ("R&R") dated July 30, 2021, The Honorable Tony N. Leung, United States Magistrate Judge, recommended that the Court grant Plaintiff's motion. ECF No. 68. The time to file an objection has passed, and no party objected to the R&R. *See* D. Minn. LR 72.2(b)(1). After reviewing the R&R, this Court accepts its conclusions and findings. *See* D. Minn. LR 72.2.

Based on the files, records, and proceedings herein, and for the reasons stated above, Defendants ALL TEMPORARIES MIDWEST, INC., a corporation, and MARK LIVERINGHOUSE, an individual (collectively, "Defendants"), having failed to comply with this Court's Consent Judgment dated October 11, 2017 (ECF No. 7), enjoining them from future violations of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201 et seq.) ("the Act"), IT IS ORDERED THAT:

1. The Secretary of Labor's Motion for Adjudication of Civil Contempt (ECF No. 12) is GRANTED.

2.       Defendants All Temporaries Midwest, Inc., and Mark Liveringhouse are held in civil contempt of the Court's Consent Judgment (ECF No. 7) entered on October 11, 2017 by way of an order of civil contempt. Defendants are ORDERED to purge themselves of Civil Contempt as follows:

A.

i. Defendants shall pay their employees at a rate of one and one-half the regular rate for all hours worked in excess of 40 in a workweek, as required by Section 7 of the Act.

ii. Defendants shall stop falsely categorizing certain weekly payments to employees as "mileage" when these payments are not for travel expenses, as described under 29 U.S.C. § 207(e)(2), and instead should be included in their employees' regular rate for purposes of calculating overtime.

iii. Defendants shall have a recordkeeping system in place that includes making, keeping, and preserving complete and accurate time, pay, and employment records that comply with Section 11 of the Act and 29 C.F.R. Part 516.

B.

i. Defendants shall submit complete and accurate time, pay, and employment records for the period from October 2019 to the present to the Plaintiff no later than 30 days after the date of this Order.

ii. Defendants shall pay back wages due employees, and an equal amount as liquidated damages, as a result of continuing and/or additional violations, if any, determined to be due by the Plaintiff's review of Defendants' records described above since October 2019 to the present, within 15 days of Plaintiff providing notice to the Defendants of additional violations.

C.

i. Defendants shall hire, at their own cost, an independent, arms-length, third-party CPA knowledgeable of the minimum wage, overtime, and recordkeeping provisions of the Act and the regulations promulgated thereunder to perform three annual audits of Defendants to determine compliance with the Act. The audits shall include a review of time and payroll records and record keeping practices of the Defendants for the previous twelve-month period to determine compliance with the Act and the provisions of this Order, including, but not limited to, accurate record keeping of hours worked, proper payment of the overtime premium for hours worked in excess of 40 in a workweek, and full and accurate calculation and recording of employees' "regular rate." The aforesaid three audits shall be conducted annually with the initial audit commencing within three months of the entry of this Order.

ii. The accounting firm shall report the findings and recommendations, in writing, to Defendants. If any of the audits determine that any employee was not paid the proper overtime premium or minimum wage, the auditor shall inform Defendants immediately, and Defendants shall pay all wages due and owing within 10 days of the audit's completion and note corrective action taken in the audit reports. The Defendants shall make the reports available for review and copying to the Department of Labor's Wage and Hour Division upon request.

iii. Without limiting the obligations of Defendants, Defendants shall retain such records and reports referenced herein for a period of no less than five years after the year to which such records and reports apply, and shall make such records and reports available to Plaintiff upon request.

D.

i. Defendants shall pay to the Plaintiff for his fees and expenses incurred in bringing and prosecuting this contempt proceeding, which constitutes attorney work at a rate of $250.00 per hour by certified or cashier's check. Plaintiff shall file an affidavit for hours worked on this matter within seven days of the entry of this Order.

ii. All payments, fees, expenses, costs, fines, and the like hereunder shall be made promptly and shall be the joint and several obligations of Defendant ALL TEMPORARIES MIDWEST, INC., and Defendant MARK LIVERINGHOUSE.

It is further ORDERED that a fine in the amount of $150 per day is hereby imposed upon Defendants for each day they fail to purge themselves fully of Civil Contempt beginning on and including the 31st day after the date of this Order.

Dated: September 16, 2021
                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge